PETER GRAVERT, APPELLANT, V. JOHN GOOTHARD, APPELLEE.

FILED MARCH 5, 1908.   No. 15,092.

1. **Bills and Notes.**   The instrument sued on examined, and *held* to
   be an ordinary promissory note, with a pledge of the corn therein
   mentioned as security.

2. **Replevin:** INSTRUCTIONS.   Instructions examined, and *held* to have
   properly submitted to the jury the real question involved in the
   suit.

3. ――――:   EVIDENCE.   Evidence examined, and *held* to sustain the
   findings of the jury and judgment of the court.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE.  *Affirmed.*

*Weaver & Giller,* for appellant.

*John M. Macfarland, contra.*

FAWCETT, C.

Plaintiff instituted an action of replevin in justice court
to recover from defendant a quantity of corn.   The judg-
ment of the justice went against plaintiff, whereupon he
appealed to the district court, where judgment again went
against him, and from that judgment this appeal is prose-
cuted.

The instrument upon which plaintiff claims the right to
recover is as follows: "$50.00.   Benson, Neb., Oct. 17,
1903.   Sixty days after date I promise to pay to the or-
der of Peter Gravert $50, payable at Benson, Neb., with
interest at 3 per cent. per annum from date.   This note
being given on a contract for the purchase of 250 bushels
of corn.   It is expressly agreed that the title to and owner-
ship of said property remains absolute in and shall not
pass from Peter Gravert until this note and all others
given for purchase money of said property are fully paid.
It is further agreed that this note shall be due on demand
if the maker attempts to move out of this county or dis-

pose of said property. We and each of us severally bind our separate property and estate for the payment of this debt. P. O. Address: Florence, Neb. (Signed) John Goothard."

On the trial of the case in the district court these two instructions were given: "(3) The basis of the action is on a note for $50 given by defendant to plaintiff, due 60 days after date. Plaintiff claims that the property in controversy was turned over to him in payment of a balance due on the note. The burden of proof is on the plaintiff to prove by a preponderance of the evidence that the corn was turned over to him in payment of a balance due on the note, and, if he has so done, then your verdict should be for the plaintiff. (4) The defendant claims that the note in controversy was fully paid, principal and interest, before the action was commenced. The burden of proof is on the defendant to prove by a preponderance of the evidence that he had paid the note before the action was commenced, and, if defendant has so proved, then your verdict should be for defendant."

Plaintiff objects to the two instructions above quoted for the reason "that the contract above set out in full herein is treated as a note for the payment of $50 rather than a contract for the purchase of 250 bushels of corn. Gravert let Goothard have $50, and in return Goothard by said contract agreed to return to Gravert 250 bushels of corn for the $50." Defendant's contention is that the instrument, upon which plaintiff relies, was nothing more than a promissory note, for the security of which the 250 bushels of corn were pledged; in other words, that the instrument is in effect a chattel mortgage note. We have read the entire record in this case, and, in our opinion, defendant's contention is well sustained thereby. It will be observed that the first part of the instrument is an ordinary promissory note, which recites that it was given on a contract for the purchase of 250 bushels of corn; but the testimony of plaintiff himself clearly negatives any idea that there was a purchase of the corn, and establishes

the fact that the corn was simply pledged as security. In his direct examination plaintiff, in speaking of an interview he had with defendant, says: "That has nothing to do with my 250 bushels of corn or $50." Again he says: "I had $50 coming or 250 bushels of corn." Again he says, in answer to the question: "Q. Did you have any agreement what this corn was to be taken at? What price? A. The agreement was I get $50 or 250 bushels of corn in 60 days after. Q. That is all the agreement you ever had with him? A. And then he signed the note for the security." This testimony, given by plaintiff himself, so fully corroborates the testimony of defendant that the transaction was an ordinary loan of $50 with the corn pledged simply as security that the claim of plaintiff in his brief that it was a contract for the purchase of 250 bushels of corn cannot be sustained. A reading of the instrument itself shows that such was not the fact. It says: "It is expressly agreed that the title to and ownership of said property remains absolute in and shall not pass from Peter Gravert until this note and all others given for purchase money of said property are fully paid. It is further agreed that this note shall be due on demand if the maker attempts to move out of this county or dispose of said property." If "the title to and ownership" were to remain in plaintiff until the note should be fully paid, then full payment of the note would, of course, restore to defendant the title and ownership. Again, the provision of the note that it should be due on demand if the maker attempted to move the corn out of the county or dispose of it indicates very clearly that plaintiff was seeking to protect himself against any attempt on the part of his debtor to dispose of the corn which he had pledged as security for the debt. We are unable to discover any point of view from which this instrument can be construed as anything more or less than an ordinary promissory note with a pledge of 250 bushels of corn as security therefor. If so, then, if defendant had fully paid the $50 with interest at the time the replevin suit was instituted, plaintiff's right to take any

of the corn specified in the instrument had been completely divested, and no action for the recovery of the same would lie. The evidence as to whether or not he had been paid the full amount due him under the note is conflicting; but there is ample testimony in the record to sustain defendant's contention that the note had been fully paid at the time the present suit was instituted. There is also ample testimony in the record to sustain the finding of the jury as to the value of the corn taken by plaintiff. The instructions of the court properly submitted the real question involved and we are unable to discover any theory upon which the verdict of the jury can be disturbed.

We therefore recommend that the judgment of the district court be affirmed.

CALKINS and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.